**MALONEY v. HIGHTOWER.     (No. 2965.)**

(Court of Civil Appeals of Texas. Texarkana. Oct. 30, 1924.)

**Vendor and purchaser** &marks;267 — **Vendee held not released from liability on joint vendor's lien notes by holder's release of liens against property sold by covendee.**

Vendee, selling interest in land to covendee, who assumed indebtedness to holder of vendor's lien notes executed by vendees jointly, *held* not released from liability by holder's release of liens against part of land, subsequently sold by covendee to another, who assumed part of indebtedness; transaction between vendees not altering their status as principals as between them and holder.

Appeal from District Court, Rusk County; Chas. L. Brochfield, Judge.

Action by Mrs. J. E. Hightower against R. H. Maloney and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

R. T. Brown, of Henderson, for appellant. J. W. McDavid, of Henderson, for appellee.

HODGES, J. In September, 1918, one D. P. Richardson sold and conveyed to G. C. Boyd and R. H. Maloney a tract of 321½ acres of land situated in Rusk county. As a part of the purchase price Boyd and Maloney executed and delivered to Richardson three vendor's lien notes, each for $2,-107.35, due in three annual installments thereafter, and bearing interest at the rate of 10 per cent. per annum from date. The purchasers also assumed an indebtedness of $4,275 held by the Federal Land Bank of Houston, Tex., and secured by a prior lien on the land conveyed. In due course of trade the notes delivered to Richardson became the property of the appellee, Mrs. J. E. Hightower. In October, 1920, R. H. Maloney sold his undivided half interest in the land to Boyd. The consideration stated in the deed was the assumption by Boyd of the indebtedness due the Federal Land Bank and Mrs. Hightower. In September, 1922, Boyd sold 84 acres of the land to G. W. White, the consideration being $2,272 paid in cash and the remainder by the assumption of $1,100 of the indebtedness due to Mrs. Hightower and the Federal Land Bank. Both the Bank and Mrs. Hightower executed deeds releasing their liens against the 84 acres sold to White. The consideration recited in the release from Mrs. Hightower was the payment of $2,272 to be credited on the indebtedness due from Boyd and Maloney. The deed from the Federal Land Bank recited a consideration of $1,036.80 paid by Boyd on the indebtedness which he had assumed from Richardson.

This suit was filed by Mrs. Hightower against Boyd and Maloney to recover judgment for a balance of approximately $8,000 due on the purchase-money notes, and to foreclose the vendor's lien on that portion of the original tract of land that remained after the sale to White.

Maloney alone has appealed from the judgment rendered in favor of Mrs. Hightower. His defense is that his liability ceased by operation of law when Mrs. Hightower, without his knowledge or consent, released her lien against the 84 acres sold to White. The court, however, finds that he was not released, "personally or other-

wise," by Mrs. Hightower from his original liability.

It is not contended that the land was sold to White for less than its market value, or that the notes held by Mrs. Hightower were not credited with the full amount that should have been so applied. Maloney's testimony was the only evidence offered in the trial to prove that the sale was made without his knowledge or consent. The deed of release by Mrs. Hightower was to both Boyd and Maloney. In its incipiency both Boyd and Maloney were principals on the notes. The subsequent transaction between Boyd and Maloney did not alter that relationship as between them and Mrs. Hightower. Both remained principals. The judgment will therefore be affirmed.